# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| MICHAEL D. MARLIN | CIVIL ACTION NO. 05-2172-LC |
| VS. | SECTION P |
| WARDEN J. YOUNG, ET AL | JUDGE TRIMBLE |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint[1] filed in *forma pauperis* by plaintiff on December 15, 2005. Plaintiff is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the Federal Corrections Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff names the following as defendants herein: FCIO Warden J. Young, FCIO Associate Warden S. Marler, FCIO Associate Warden K. Edenfield, Associate Warden McMeal, health services administrator Scarlet Lusk, T. Voicene, and Captain S. Million.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff's claims herein center around allegations that his constitutional rights were violated when he was placed in a segregated housing unit (SHU) for two weeks. More specifically, plaintiff states that on November 17, 2005, defendant Voicene put him in a non-handicapped SHU cell despite the fact that plaintiff is confined to a wheel chair because of

---

[1] Because it alleges civil rights violations by federal defendants, the action is construed as one brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

degenerative joint disease and Meniere's disease. Plaintiff complains that the cell did not have an emergency call button nor did it have a handicapped shower or toilet. He states that the lack of properly equipped facilities denied him the ability to accomplish basic hygiene, and also caused him to fall which resulted in further injury to his back, hip, knees, and neck. Plaintiff contends that the very cold temperature in the SHU aggravated existing sinus problems, and that he now suffers from constant ringing in his ears. Plaintiff states that while he was in the SHU, he informed all of the defendants about the condition of the cell and that his rights under the American with Disabilities Act (ADA) were being violated. He also complains that the SHU's law library is inadequate, and that he was denied his right to attend a educational class and religious services while in the SHU.

As a result of the above, plaintiff seeks compensatory damages against the defendants, as well as attorney's fees and costs of court.

Plaintiff admits in his complaint that he did not present his claims to the prison officials through the administrative remedy procedure.

## **LAW AND ANALYSIS**

42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, even if the relief sought by the prisoner is not available in grievance proceedings. See *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir.2001).

The administrative remedy program available to prisoners incarcerated in the BOP is

codified at 28 C.F.R. § 542.10 *et seq* and outlined in BOP Program Statement 1330.13, Administrative Remedy Program. The Administrative Remedies Procedure program "...applies to all inmates in institutions operated by the Bureau of Prisons ... and to former inmates for issues that arose during their confinement...." See 28 C.F.R. § 542.10(b).

This administrative remedy program is a three-step process:

(1) If the dispute cannot be resolved informally, a federal inmate must file a Request for Administrative Remedy (BP-9) at the institutional level. 28 C.F.R. §§ 542.13-542.14. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

(2) If an inmate's BP-9 is denied (either explicitly or implicitly), the inmate can appeal the denial by filing a BP-10 with the BOP Regional Office for the region where the inmate is currently located. 28 C.F.R. §§ 542.14(d)(2)-542.15.

(3) If the inmate is dissatisfied with the Regional Director's response to his BP-10, he may file an appeal, a BP-11, to the General Counsel within 30 days of the Regional Director's response. 28 C.F.R. § 542.15.

The Prison Litigation Reform Act amendments to 42 U.S.C. § 1997e "eliminated both the discretion to dispense with administrative exhaustion and the condition that the remedy be 'plain, speedy, and effective' before exhaustion could be required." *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). There can be no doubt but that exhaustion of administrative remedies is now mandatory "for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong'" *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir.2003) (quoting *Porter v. Nussle*, 534 U.S. at 532), and "regardless of the relief offered through administrative procedures," *Booth v. Churner*, 532 U.S. at 741. Also, "it is not for the courts to inquire whether administrative procedures 'satisfy "minimum acceptable standards" of fairness

3

and effectiveness.'" *Id.* at 630 (quoting *Booth v. Churner*, 532 U.S. 731, 740 n. 5, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). "Dismissal under § 1997e is made on pleadings without proof." *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir.2003) (quoting *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir.1998)). Current Fifth Circuit jurisprudence holds that "[a]bsent a valid defense to the exhaustion requirement, ... the statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed." *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir.1998).

Plaintiff has not raised a valid defense for his admitted failure to exhaust the administrative remedies available through the BOP. [Doc. #1-1, p. 2]. In fact, the documents provided by plaintiff show that he was able to file several requests to staff [Doc. #1-3, pp. 1-6], and that one of the prison employees apparently brought him two administrative remedy forms. [Doc. #1-3, p.3]. This information runs counter to plaintiff's assertion that he did not utilize the BOP's three-step administrative remedy procedure because the FCIO guards refused to issue the proper forms or because he was afraid of retaliatory acts. In any event, these arguments would be of no moment as the Supreme Court has instructed federal courts – "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise . . . . Here, we hold only that Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. at 741 n. 6. See *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir.2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion).

Plaintiff conceded that he failed to exhaust the available administrative remedy procedures. Accordingly, this complaint and all claims alleged therein must be dismissed

4

without prejudice for failure to exhaust the administrative remedies as required by 42 U.S.C. § 1997e(a). See *Richardson v. Spurlock*, 260 F.3d 495, 499 (5th Cir.2001) (affirming the district court's dismissal of a retaliation claim for failure to exhaust).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies as mandated by the provisions of 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 26th day of April, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

5