RECEIVED
IN LAKE CHARLES, LA
APR -3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MICHAEL D. MARLIN | : | DOCKET NO. 05-2172, SEC. P |
| VS. | : | JUDGE TRIMBLE |
| WARDEN J. YOUNG, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

On January 13, 2009, defendants filed a Motion to Dismiss for Lack of Jurisdiction/ Motion for Summary Judgment. Doc. 73. For the reasons set forth below, it is recommended that defendants' Motion be GRANTED.

### Facts

Plaintiff is an inmate of the Federal Correctional Institution at Oakdale, Louisiana (FCIO). This case, alleging a violation of plaintiff's civil rights under 42 U.S.C. § 1983, was originally filed by *pro se* plaintiff on December 15, 2005. Specifically, plaintiff alleges that the named defendants, FCIO Warden J. Young, FCIO Associate Warden S. Marler, FCIO Associate Warden K. Edenfield, Associate Warden McMeal, health services administrator Scarlet Lusk, T. Voicene, and Captain S. Million violated his constitutional rights. Doc. 1.

Plaintiff's claims center around allegations that his constitutional rights were violated when he was placed in a segregated housing unit (SHU) for two weeks. Docs. 1, 80. Plaintiff states that on November 17, 2005, he was placed in a non-handicapped SHU cell despite the fact that plaintiff is confined to a wheel chair because of degenerative joint disease and Meniere's

1

disease. *Id.* Plaintiff complains that the cell did not have an emergency call button nor did it have a handicapped shower or toilet. *Id.* He states that the lack of properly equipped facilities denied him the ability to accomplish basic hygiene, and also caused him to fall resulting in further injury to his back, hip, knees, and neck. *Id.* Plaintiff contends that the very cold temperature in the SHU aggravated existing sinus problems, and that he now suffers from constant ringing in his ears. *Id.* Plaintiff states that while he was in the SHU, he informed all of the defendants about the condition of the cell and that his rights under the American with Disabilities Act (ADA) were being violated. *Id.* He also complains that the SHU's law library is inadequate, and that he was denied his right to attend an educational class and religious services while in the SHU. *Id.*

On April 26, 2006, the magistrate judge completed a preliminary review of plaintiff's claims and issued a Report and Recommendation recommending dismissal for failure to exhaust administrative remedies. Doc. 11. The district court adopted that recommendation on June 1, 2006. Doc. 15. On October 4, 2007, the Fifth Circuit Court of Appeal vacated the judgment of the district court and remanded for further proceedings. Doc. 26. Specifically, the appellate court noted that subsequent to the district court's adoption of the Report and Recommendation to dismiss for plaintiff's failure to plead exhaustion of administrative remedies, the Supreme Court held in *Jones v. Bock*, 549 U.S. 199, 215-16, 127 S. Ct. 910, 921, 166 L. Ed. 2d. 798, that "failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."

On October 22, 2008, the district court ordered that Clerk of Court for the Western District of Louisiana serve a copy of the complaint on the U.S. Attorney for the Western District of Louisiana and on the U.S. Attorney General, and a summons was issued the following day.

Docs. 63, 64. On January 13, 2009, defendants filed a Motion to Dismiss for Lack of Jurisdiction/Motion for Summary Judgment, which is the subject of this Report and Recommendation. Doc. 73.

## Law and Analysis

### A. Lack of Subject Matter Jurisdiction

Plaintiff's complaint [doc. 1] and amending complaint [doc. 80] assert claims against various Bureau of Prisons (BOP) personnel on the grounds that these personnel denied plaintiff his rights under the ADA. Defendants argue that these claims should be dismissed because the United States, its agencies, and officers are not included within the purview of the ADA. Specifically, defendants assert that the United States is not included within the definition of "employer" or "public entity" to whom the ADA applies. Doc. 73-4 (citing 42 U.S.C. § 12111(5)(B)(i), 12132).

In fact, the Fifth Circuit took up this issue in a recent decision involving the same plaintiff. Specifically, Marlin filed a *Bivens* complaint asserting deliberate indifference claims pursuant to the Eighth Amendment and ADA claims in a separate action due to his treatment as a prisoner. The court noted:

> Marlin contends that the defendants also violated the ADA. The Bureau of Prisons is an agency of the Department of Justice, which is within the executive branch of the government. *See United States v. Bourgeois*, 423 F.3d 501, 509 (5th Cir.2005). Consequently, the district court did not err in dismissing Marlin's ADA claims against Dr. Alexandre and Miss Fontenot on the basis that the ADA is not applicable to the federal government. *See* 42 U.S.C.§ 12111(5)(B); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).

*Marlin v. Alexandre*, 254 Fed. Appx. 254, 255 (5th Cir. 2007), *cert. denied*, __ U.S. __, 128 S. Ct. 1890, 170 L. Ed. 2d 761 (2008).

3

Because the ADA is not applicable to the federal government, it is recommended that plaintiff's claims pursuant to the Act be dismissed with prejudice.

### B. Failure to Exhaust Administrative Remedies

Defendants assert in their motion that plaintiff failed to exhaust his administrative remedies prior to filing the instant suit. To the extent that plaintiff's petition raises issues of his confinement actionable outside the ADA, plaintiff has failed to respond to defendants' motion and to demonstrate exhaustion.

As part of its Institutional Management, the Bureau of Prisons has established an Administrative Remedy Program to "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. A plaintiff must first seek to informally resolve complaints about conditions of confinement. 28 C.F.R. § 542.13. Where informal resolution fails, and provided that the complaint is not of a life-threatening nature or an appeal of a Discipline Hearing Officer (DHO) action, the inmate must submit a formal complaint to the Warden of the institution within twenty calendar days of the date on which the underlying basis for the complaint occurred. 28 C.F.R. § 542.14. If plaintiff is still dissatisfied, he or she must appeal to the appropriate Regional Director within twenty calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15. If the inmate is dissatisfied with the Regional Director's response, he or she may then submit an appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response. *Id.*

The events giving rise to the instant action occurred while plaintiff was assigned to the SHU, between November 17, 2005 and December 1, 2005. Docs. 1, 73, 80. Plaintiff filed his complaint in this court on December 15, 2005. Doc. 1. Defendants have submitted evidence

4

showing that plaintiff filed an administrative remedy concerning his placement and the conditions within the SHU on December 29, 2005. Doc. 73-5 (Declaration of Michael Flagor with Supporting Evidence). This remedy, number 399907-R1, was rejected for failure to follow the administrative remedy process—plaintiff filed his first remedy with the regional office when he should have filed it with the Warden at FCI Oakdale. *Id.* Plaintiff filed a second remedy, this time at FCI Oakdale, again concerning the conditions of the SHU. *Id.* This remedy, number 402322-F1, was rejected for failure to informally resolve the issue prior to filing. *Id.*

On March 2, 2006, plaintiff filed a third administrative remedy concerning the conditions of his confinement in the SHU. *Id.* This remedy, number 405279-F1, was accepted, but was denied by the Warden. *Id.* Plaintiff appealed to the Regional Office on March 31, 2006. *Id.* When this remedy, number 405279-A3, was also denied, plaintiff appealed to the General Counsel (National Inmate Appeals). *Id.* This remedy was also denied. Specifically, on August 30, 2006, National Inmate Appeals found that plaintiff was not medically confined to a wheelchair, that the provisions of his cell assignment did not preclude him from attending to personal business, and that there was no indication that Uniform Federal Accessibility Standards had been violated. *Id.* Plaintiff has provided nothing to rebut defendants' summary judgment evidence.

Defendants have shown that plaintiff did not exhaust his administrative remedies until August 30, 2006, but filed suit more than eight months before, on December 15, 2005. According to 42 U.S.C. § 1997e as amended by the Prison Litigation Reform Act (effective since April 26, 1996): "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. Although

the Supreme Court has held that inmates "are not required to specially plead or demonstrate exhaustion in their complaints," failure to exhaust remains an affirmative defense. *Jones*, 549 U.S. at 215-16, 127 S. Ct. at 921, 166 L. Ed. 2d. 798. The Fifth Circuit has continued to uphold summary judgment in favor of defendants when a prisoner asserts a civil rights action prior to exhausting administrative remedies. *Parker v. Cain*, 283 Fed. Appx. 257, 258 (5th Cir. 2008) ("Competent summary judgment evidence established, and there is no competent summary judgment evidence to the contrary, that Parker did not exhaust his administrative remedies prior to filing this action. Accordingly, the district court's judgment [granting summary judgment] is AFFIRMED."). Because plaintiff failed to exhaust administrative remedies prior to filing the instant suit, it is recommended that, to the extent plaintiff's petition states claims outside the ADA, his claims be dismissed without prejudice.

## Conclusion

For the reasons stated herein, it is RECOMMENDED that defendants' Motion to Dismiss for Lack of Jurisdiction/Motion for Summary Judgment be GRANTED. Doc. 73. It is RECOMMENDED that plaintiff's claims pursuant to the ADA be DISMISSED WITH PREJUDICE and that any other claims stated by plaintiff's petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days**

following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on ~~March 24,~~ April 2, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE