RECEIVED
IN ALEXANDRIA, LA.

DEC 15 2009

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL D. MARLIN** | : | **DOCKET NO. 05-2172** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **J. YOUNG, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### JUDGMENT

On April 3, 2009, the Magistrate Judge issued a Report and Recommendation[1] wherein it was recommended that Defendants' motion to dismiss and motion for summary judgment be granted and that Plaintiff's claims pursuant to the Americans With Disability Act,[2] be dismissed with prejudice and that the instant action be dismissed without prejudice for lack of jurisdiction because the Petitioner failed to exhaust his administrative remedies prior to filing suit. Plaintiff was given ten (10) days to object, but failed to do so. On April 24, 2009, the undersigned adopted the recommendation dismissing the ADA claims with prejudice and dismissing the suit without prejudice for failure to exhaust administrative remedies.[3]

On August 20, 2009, Petitioner filed a motion to re-open[4] the case maintaining that he had not received the Report and Recommendation, rather it had been sent to his court appointed attorney.

---

[1] Doc. #81.

[2] Title 42, United States Code, § 12010, *et seq.*

[3] Doc. #82.

[4] Doc. #85.

Plaintiff's attorney had been appointed solely for effectuating service on defendants. The attorney was relieved of representation after service was properly made. Accordingly, the Magistrate Judge granted Plaintiff's motion and reopened the case to allow Petitioner to object to the Report and Recommendation.[5]

Since the case has been re-opened, Plaintiff has filed an objection,[6] Defendants have filed a response to that objection,[7] and Plaintiff has filed a response to Defendants' response.[8]

In his response, Plaintiff concedes that the claims pursuant to the ADA should be dismissed with prejudice.[9] Plaintiff further admits that the case must be dismissed without prejudice for failure to exhaust administrative remedies and that he must re-file his Complaint.[10] Petitioner attached to his objection, a "Civil Rights Complaint Pursuant to 28 U.S.C. § 1131".[11] Petitioner's only complaint or objection to the report and recommendation is that he requests that he not pay an additional filing fee. Accordingly, it is

**ORDERED** that the Report and Recommendation of the Magistrate Judge is hereby adopted, and the motion to dismiss and motion for summary judgment[12] are hereby **GRANTED** dismissing

---

[5] Doc. #87.

[6] Doc. #92.

[7] Doc. #93.

[8] Doc. #94.

[9] Doc. #94, p. 3, ¶ (A).

[10] Doc. #94, pp. 3-4.

[11] *Id.*

[12] Doc. #73.

2

with prejudice all claims asserted by Plaintiff pursuant to the ADA and dismissing without prejudice, the instant lawsuit for lack of jurisdiction. The Clerk of Court is hereby directed to return to Plaintiff the attached Complaint in order for him to properly re-file said Complaint.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 15th day of December, 2009.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

RECEIVED
AP
NOV 20 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Lake Charles Division

| | | |
|---|---|---|
| Michael D. Marlin | § | Refiling No.:2:05cv 2172 |
| vs. | § | Case No.: |
| (1) J. Young, Warden | § | |
| (2) S. Marler, Assoc. Warden | | Demanding A Jury Trial |
| (3) K. Edenfield, Assoc. Warden | | |
| (4) - McMeal, Assoc. Warden | | |
| (5) Scarlett Lusk, Health Serv.Adm. | | |
| (6) T.Voicene, Correctional Officer | | |
| (7) S. Million, Correct. Captain | | |
| (8) - Jimenez, Admin. Remedy Coord. | | |

Civil Rights Complaint Pursuant To
28 U.S.C. § 1331
(Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics)

Comes now Plaintiff, Michael D. Marlin, proceeding pro se, respectfully files this Civil Rights Complaint; Demanding a Jury Trial against the above named Defendants for violations of Plaintiff's guaranteed Constitutional Rights under color of federal law. Defendants "knew" they were violating Constitutional Rights before this claim.

### Jurisdiction

1) This court's jurisdiction is invoked under § 28 U.S.C.§§ 1331 and 1343, and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2) Venue is proper in this court under 28 USC§ 1391(b)(2)

1.

## Parties

3) Michael D. Marlin is the sole Plaintiff and a prisoner at Beaumont Federal Correctional Complex-Low, located at 5560 Knauth Rd., Beaumont, TX 77705. Mailing address is P.O.Box 26020, Beaumont, TX 77720-6020.

4) Defendants are employees of the Bureau of Prisons, Oakdale Federal Cortrectional Institution, 1507 E. Whatley Rd., Oaldale, LA 71463. All Defendants are being sued in both their official and personal capacities for damages.

## Exhaustion

5) Plaintiff has exhausted all administrative remedies pursuant to Title 42§ 1997 (e) a. and all requirements under the P.L.R.A.

## General Allegations

6) On November 17, 2005, C.O. Voicene proceeded to place Plaintiff in a non-handicap accessible cell in Segregated Housing Unit (S.H.U.) after being told he was violating Plaintiff's Constitutional Rights. These cells have no emergency call button(s) to summon help in case of an emergency. In the two weeks being housed in SHU, Plaintiff was denied the basic necessities and facilities to accomplish basic hygiene, i.e. handicap toilet with grab bars, a handicap accessible shower. In fact, Plaintiff was locked in a shower stall for an hour with very hot water without no way to reach faucet handles and Plaintiff cried out in vain for an officer to provide release from this locked shower stall with no handicap seat.

7) In the two weeks under this torture, the temperatures were extremely cold aggravating Plaintiff's inner ear trouble. Plaintiff has thrown newspapers off a bicycle in the pouring, freezing rain and built houses for over twenty-five years in the freezing temperatures, but never was the severe cold that was experienced at night. While in SHU, Defendant Lusk's staff administered antibiotics and when released, Plaintiff went to Health Services with extreme ear

2.

infections in both ears. I told Ms. Lusk at least three times while in SHU that I was hurting and I was extremely cold. To this date, I have had trouble with my ears that is very different to my inner ear trouble. By the hearing tests administered at Oakdale F.C.I. and the current Beaumont F.C.C. shows a loss of hearing that is irreparable. Being H.S.A., Ms. Lusk refused to help me.

8) Plaintiff told every Defendant, except C.O. Voicene, at least twice of my needs being in a wheelchair, and each refused to provide relief.

9) Plaintiff told the Defendants that the law library in S.H.U. was inadequate and requested law books to answer ongoing cases and the correctional officers refused to supply law books.

10) Plaintiff was enrolled in classes in Education and I was refused. Fourteen days I requested books and was denied.

11) Plaintiff was denied religious services.

12) Defendant Warden Young came by twice in the fourteen days and I requested release or at least give me a blanket to cover up and he just smiled, did nothing.

13) Assoc. Warden Ms. Mc Meal was the only one who would listen to my pleas, but she said her hands were tied and it was up to the Warden (J.Young, Defendant).

14) In early 2005, a wheelchair prisoner got into trouble and Administration locked him in his own cell, the cell Plaintiff was housed in the Rapides Unit, with a toilet and sink and they brought his meals to his cell in Rapides.

15) After two weeks in SHU, Plaintiff was released because the Lieutenant stated "the snitchnote" was absent-mindedly thrown away saying I would be stabbed if left out in the compound". After release, Plaintiff was not accosted nor approached by any inmate agressively.

16) Defendant Warden Young wanted to retaliate against Plaintiff because his wife was the Staff Attorney at Forrest City F.C.I., the Institution where Plaintiff came from, and was mad because I disputed her "undisputable facts" pertaining to a Case I was involved with.

17) All the Defendants have caused irreparable damage to Plaintiff's ears/hearing; one of life's basic necessities.

## Causes of Actions
**RELIEF**

18) <u>Count One</u>

Defendant Young deliberately placed Plaintiff in a very cold environment purposely to harm me. Plaintiff seeks one million dollars for compensatory and Court's determination for punitive damages.

19) <u>Count Two</u>

Captain Million knew he was violating Plaintiff's Constitutional Rights, expecially Eighth Amendment and seeking one million dollars compensatory and Court's determination for punitive damages.

20) <u>Count Three</u>

Assoc. Warden Marler knew he was violating Plaintiff's Eighth Amendment, seeking Five Hundred Thousand dollars and all punitive damages.

21) <u>Count Four</u>

Associate Wardens McMeal and Edenfield and C.O. Voicene knew they were violating Plaintiff's Eighth Amendment and Plaintiff seeks Two Hundred and fifty thousand dollars each and all punitive damages.

22) <u>Count Five</u>

Defendant Health Servives Administrator Ms. S. Lusk knew she was hurting Plaintiff deliberately, knowingly and maliciously seeking One Million dollars and all punitive damages.

23) <u>Count Six</u>

Mr. - Jimenez is held accountable to Five Hundred thousand dollars.

## Prayer

24) **WHEREFORE**, by all truthful statements above, Plaintiff prays this

Honorable Court to Order:
1. Judgment as demanded in this complaint;
2. Compensatory, punitive and nominal damages;
3. Jury Trial on all triable issues.
4. All attorneys fees and All costs;
5. Such further relief as this Court deems just and proper.

### Certification

25) I, Michael D. Marlin, do hereby certify that all statements made in this compalint as true and correct to the best of my knowledge under all pains and penalties of perjury pursuant to Title 28 USC 1746, triable in any U.S. Court.

November 9, 2009

*Michael D. Marlin 08387-003*
Michael D. Marlin # 08387-003
F.C.C. Beaumont Low, Unit SB
P.O.Box 26020
Beaumont, TX 77720-6020

5.

RECEIVED
NOV 20 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

United States District Court
Western District of Louisiana
Lake Charles Division

Michael D. Marlin
v.
J. Young, et. al.

Refiling of 2:05cv2172
Case No.:

## Declaration
### In Support of Refiling Civil Claim

I, Michael D. Marlin, U.S.M. # 08387-003, do hereby certify this Declaration In Support of Refiling Civil Claim number 2:05 cv 2172 is true and correct to all the penalties of perjury. On November 17, 2005 Warden Young and Captain Million, both Defendants in this re-filing of case no.: 2:05 cv 2172, violated my Constitutional Rights by placing me in a non-handicap accessible cell in Segregated Housing Unit (S.H.U.) denying me of the basic necessities of life by:

1. Cell had no emergency call button(s) like other F.C.C.'s or FCI's.
2. No handicap toilet or grab bars to ease off and on toilet.
3. Both named Defendants knew I was confined to my wheelchair as
   a. I have left occipital neuralgia causing dizzy spells
   b. I have Degenerative Joint Disease with replaced joints in left hip and right knee and needing replacement of the right hip and left knee; documented in medical records
   c. Warden Young had Ms. Fontenot "confiscate" my leg braces and personal crutches I had upon entering prison
4. Cell or unit did not have a handicap accessible shower
5. S.H.U. did not have a properly working heater and the <u>very</u> cold temperatures aggravated my inner ear trouble, see 3(a)

1

6. The law library was inadequate, antiquated and no research books to answer my ongoing federal case(s).

7. The officers assigned to S.H.U. refused to issue(s) any administrative remedies.

8. Defendant Young stated "if you file grievances I will tell the Administrative Remedy Co-ordinator (Mr. Jimenez) to reject all grievances.

9. The "snitch note" stated "I will be stabbed if left on the compound" was "conveinently thrown away".

10. The two weeks in S.H.U., with very cold temperatures, irreparably caused loss hearing in both ears.

Every week the Defendants (except Mr. Voicene) made weekly walk-thrus inspecting S.H.U. cells and I made it known to all that I was being denied my Constitutional rights under the Eighth Amendment, all (except Ms. Mc Meal) stated "it is up to (Defendant) Young to release you.

It got so freezing cold that on the second night, I was hearing and seeing hallucinations. While going to High School I threw newspapers off a bicycle in the freezing rain and later on I built houses in freezing temperatures and I have NEVER been as cold as I was in the S.H.U.. Even the guards delivered our evening meals in heavy coats, wool tobaggans and gloves because it was so cold at 5:00 p.m. and it got a whole lot colder late at night. To this day I can visualize and hear the hallucinations locked in my inner brain.

After release, I went to sick-call and was prescribed two different ear drops and antibiotics to relieve some of the terrible ear aches. Defendant Young knew he was hurting me and would not let other Defendants help/release me.

I certify all statements above are true & correct under perjury.

November 6, 2009                    _Michael D. Marlin 08387-003_
                                     Michael D. Marlin 08387-003

Michael D. Marlin 08387-003
F.C.C. Beaumont-Low Unit S-B
P.O. Box 26020
Beaumont, Texas 77720-6020

United States District Court
Western District of Louisiana
℅ clerk of court
300 Fannin Street, Suite 1167
Shreveport, Louisiana 71101

